UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY J. CARROLL,           :      HONORABLE JOSEPH E. IRENAS
                                   :      Civ. Action No. 13-2833(JEI/AMD)
             Plaintiff,    :
                                     :      **OPINION**
      v.                      :
                                     :
                                     :
DELAWARE RIVER PORT AUTHORITY,:
                                     :
             Defendant.    :
                                     :

**APPEARANCES:**

MATTHEW S. WOLF, ESQUIRE, LLC
By: Matthew S. Wolf, Esq.
B, 2ND Floor
1236 Brace Road
Cherry Hill, NJ 08034
                Counsel for Plaintiff

DEASEY, MAHONEY, VALENTINI & NORTH LTD
By: Carla P. Maresca, Esq.
80 Tanner Street
Haddonfield, NJ 08033-2419
                Counsel for Defendant

**IRENAS**, Senior District Judge:

In this employment discrimination case, Plaintiff Anthony J.

Carroll alleges that his employer, Delaware River Port Authority

("DRPA"), denied him promotional opportunities on account of his

military service, in violation of the Uniformed Services Employment

and Reemployment Rights Act, 38 U.S.C. §§ 4301 to 4335 ("USERRA").[1]

Before the Court is DRPA's Motion to Dismiss pursuant to Fed. R. Civ.

---

[1]     The Court exercises federal question subject matter jurisdiction
pursuant to 28 U.S.C. § 1331.

P. 12(b)(6), or, alternatively, for a More Definite Statement

pursuant to Fed. R. Civ. P. 12(e).  For the reasons discussed below,

DRPA's Motion to Dismiss will be granted, but Carroll will be given

an opportunity to amend his Complaint.  Therefore, the Court does not

reach the 12(e) issue.


**I.**

The Complaint alleges the following facts.

Carroll is a member of the Pennsylvania Army National Guard,

with concurrent civilian employment with the DRPA as a police

officer. (Compl. ¶¶ 3, 6.)  Carroll began his employment with the

DRPA on August 7, 1989, and was promoted to the rank of Corporal in

December, 2004.  (*Id.* ¶¶ 4-5.)  The Complaint does not plead the

dates during which Carroll was on active duty.  It merely states,

"[d]uring various times of his employment, Plaintiff was mobilized to

active duty in the Army National Guard."  (*Id.* ¶ 7.)

Five paragraphs within the Complaint allege the facts giving

rise to Carroll's claims.  They read, in their entirety:

> 9.    In 2003, Plaintiff was denied the opportunity to even
>       apply for promotion due to his active duty status.
>
> 10.   In 2010, Plaintiff applied for a Sergeant's position
>       and was not selected.
>
> 11.   In 2012, Plaintiff applied for a Sergeant's position
>       and was again not selected.
>
> 12.   Each time Plaintiff was overlooked for promotion to
>       Sergeant, and the time that he was not permitted to
>       apply for said promotion, it was because of his
>       military service.

2

13. Each time someone else was promoted, they were less qualified and military service was not held against those who were promoted.

(*Id.* ¶¶ 9-13.)

On March 28, 2013, Carroll filed suit in the Camden County Superior Court. On May 2, 2013, DRPA removed the case to this Court. As previously stated, DRPA now moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While the Court must accept as true all factual allegations in the complaint, and view them in a light most favorable to the plaintiff, *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Id.* The complaint must state sufficient facts to show the legal allegations are not simply possible, but plausible. *Id.* at 230. "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court *must* permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal citation and quotation omitted; emphasis added). Stated another way, "[d]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III.

USERRA was enacted to "minimize the disadvantages experienced by service members in their civilian careers...to prevent discrimination on the basis of an employee's service, and to prevent the deprivation of an of an employment benefit based on military status." *Lopez-Arenas v. Zisa*, No. 10-2668, 2012 WL 933251, at *7 (D.N.J. March 19, 2012) (citing *Gordon v. Wawa, Inc.*, 388 F.3d 78, 85 (3d Cir. 2004)). Carroll brings suit under Section 4311(a) of USERRA, which provides, in relevant part, "[a] person who is a member of ... a uniformed service[2] shall not be denied ... promotion, or any

---

[2] Membership in the Army National Guard is considered a military obligation, and thus Plaintiff is a member of the uniformed service for purposes of USERRA. *See Hart v. Twp. of Hillside*, 228 Fed. App'x 159 (3d Cir. 2007).

benefit of employment by an employer on the basis of that membership." 38 U.S.C. § 4311(a).

Given the similarity of USERRA's antidiscrimination provision to Title VII's antidiscrimination provision,[3] Title VII pleading requirements are instructive as to what a USERRA plaintiff must allege.

To state a prima facie claim of discrimination under Title VII, Plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the position at issue; (3) he was not promoted; and (4) Defendants filled the spot with a similarly situated applicant who was not of plaintiff's protected class. *See Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994); *Ezold v. Wolf, Block, Schorr and Solis-Cohen,* 983 F.2d 509, 523 (3d Cir. 1992); *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).

As described *supra,* the Complaint apparently alleges three separate instances of discrimination on the basis of military service: denial of the opportunity to apply for a promotion in 2003; failure to promote in 2010; and failure to promote again in 2012.

First, the 2003 claim fails because Carroll does not allege sufficient facts to put DRPA on notice as to the nature of his claim. Carroll merely pleads, in conclusory fashion, that he "was denied the

---

[3]  *Compare* 38 U.S.C. § 4311(a) ("A person who is a member of . . . a uniformed service shall not be denied . . . promotion, or any benefit of employment by an employer on the basis of that membership.") *with* 42 U.S.C. §§ 2000e-2(a)(2) ("It shall be an unlawful employment practice to . . . deprive any individual of employment opportunities . . . because of such individual's race, color, religion, sex, or national origin."); *see also Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1191 (2011) (observing that USERRA is "very similar to Title VII.").

opportunity to even apply for promotion due to his active duty

status." (Compl. ¶ 9) Nowhere does Carroll allege how DRPA

prevented Carroll from applying for a promotion. The Court (and

indeed DRPA) is left to wonder, what does Carroll allege that DRPA

did or did not do? Such limited factual pleading does not pass

muster under Rule 8, *Twombly*, and *Iqbal.*

Second, as to all three claims, Carroll does not allege that the

people promoted were not members of his protected class. Indeed, by

asserting that "military service was not held against those who were

promoted" (Compl. ¶ 13), Carroll seems to suggest that those who were

promoted *did* serve in the military.

Lastly, Carroll's blanket allegation that the people who were

selected for promotion were "less qualified" than Carroll does not

necessarily mean that Carroll was qualified for the promotions he

sought. In any event, such an allegation is merely conclusory.

Carroll does not identify the requisite qualifications of a Sergeant

in the DRPA police force; nor does he state what his own

qualifications were during the relevant time periods. As already

stated, Carroll's claims are not supported by sufficient factual

allegations to withstand the instant Motion to Dismiss.

As to all three claims of the Complaint, Carroll fails to plead

facts supporting the requisite elements of a USERRA cause of action.

Accordingly, DRPA's Motion to Dismiss will be granted. However, in

accordance with Third Circuit precedent, Carroll will be granted

leave to file an Amended Complaint.[4]


**IV.**

For the above-stated reasons, DRPA's Motion to Dismiss will be

granted, but Carroll will be given leave to file an Amended

Complaint.   An appropriate Order accompanies this Opinion.




Date: July  9th , 2013                     s/ Joseph E. Irenas
                                    **JOSEPH E. IRENAS, S.U.S.D.J.**

_____

[4]   It is possible that amending the 2003 claim would be futile because
the claim may be time-barred.  In 2008, Congress amended USERRA to
make clear that suits under the statute may be brought at any time.
*See* 38 U.S.C. § 4327(b) ("If any person seeks to file a complaint . .
. with . . . a Federal or State court under this chapter alleging a
violation of this chapter, there shall be no limit on the period for
filing the complaint or claim.").  However, many courts have held
that § 4327(b) does not retroactively apply to claims that accrued
prior to § 4327(b)'s enactment on October 10, 2008, and that claims
such as Carroll's are subject to a four-year statute of limitations.
*See Baldwin v. City of Greensboro*, 714 F.3d 828 (4th Cir. 2013); *Dean
v. City of New Orleans*, 2013 U.S. App. LEXIS 9106 (5th Cir. May 3,
2013); *Middleton v. City of Chicago*, 578 F.3d 665 (7th Cir. 2009);
*Charcalla v. General Electric Trans. Sys.*, 2012 WL 1436563 (W.D.Pa.
2012); *Tully v. County of Nassau*, 2012 WL 487007 (E.D.N.Y. 2012);
*Moore v. United Airlines, Inc.*, 2011 WL 2144629 (D. Colo. 2011);
*Risner v. Haines*, 2009 WL 4280734 (N.D. Ohio 2009); *Roark v. Lee Co.*,
2009 WL 4041691 (M.D. Tenn. 2009); *Hogan v. United Parcel Service*,
648 F. Supp. 2d 1128 (W.D. Mo. 2009).
    However, because the parties have not briefed the issue (DRPA
did not raise a statute of limitations defense in the instant
Motion), the Court declines to rule on it at this time.  If Carroll
includes the 2003 claim in his Amended Complaint, DRPA may raise the
issue in an appropriate pleading or motion.