UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY J. CARROLL,

       Plaintiff,

  v.

DELAWARE RIVER PORT
AUTHORITY,

       Defendant.

HONORABLE JOSEPH E. IRENAS
CIV. ACTION NO. 13-2833
(JEI/AMD)

**OPINION**

**APPEARANCES:**

MATTHEW S. WOLF, ESQUIRE, LLC
By: Mathew S. Wolf, Esq.
1236 Brace Road
B. 2nd Floor
Cherry Hill, New Jersey 08034
       Counsel for Plaintiff


DEASEY, MAHONEY, VALENTINI, & NORTH LTD
By: Carla P. Maresca, Esq.
80 Tanner Street
Haddonfield, New Jersey 08033
       Counsel for Defendant


**IRENAS**, Senior United States District Judge:

    This is an employment discrimination suit pursuant to the Uniformed Services and Reemployment Rights Act, "USERRA," 38 U.S.C. § 4311(a). In the Amended Complaint, Plaintiff Anthony Carroll asserts that his employer, Defendant Delaware River Port Authority ("DRPA"), denied him an opportunity to apply for a promotion in 2003, and passed him over for promotions in 2010 and

1

2012, on account of his military service. DRPA moves to dismiss as time-barred the claim based on the 2003 incident. The Court concludes that the applicable four-year statute of limitations bars the 2003 claim. Accordingly, DRPA's Motion to Dismiss will be granted.

**I.**

With respect to the claim at issue, the Amended Complaint alleges the following.

Carroll has been employed by the DRPA as a police officer since 1989. During all relevant times, Carroll was also a member of the Pennsylvania Army National Guard.

In "early 2003," while Carroll was on active military duty, DRPA administered a written examination which "was a necessary prerequisite to becoming qualified for" a sergeant position which had recently become available. (Amend. Compl. ¶ 18) DRPA would not allow Carroll to take the exam at the military education center where Carroll was stationed. Someone at DRPA allegedly told Carroll "'you cannot sit for the exam because you are in the military on active duty,' or words to that effect." (Id. ¶ 19) Carroll asserts that he was otherwise qualified for the sergeant position, and that he would have been promoted "but for [the] denial of his taking the sergeant's examination." (Id. ¶ 27)

2

As stated previously, DRPA moves to dismiss this claim, arguing that it is time-barred.

## II.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." If a claim is barred by the applicable statute of limitations, the Court cannot grant relief, and dismissal is appropriate. *See, e.g., Pension Trust Fund for Operating Eng'rs v. Mortgage Asset Securitization Transactions, Inc.,* 730 F.3d 263 (3d Cir. 2013).

## III.

Before reaching the core statute of limitations analysis, the Court addresses two other arguments Carroll advances in opposition to the Motion.

### A.

Carroll argues that DRPA has waived the statute of limitations defense because it did not raise it in the Motion to Dismiss the original complaint, which the Court granted but gave Carroll leave to amend. This argument fails.

Assuming *arguendo* that, as Carroll asserts, DRPA has run afoul of Fed. R. Civ. P. 12(g)(2)'s general prohibition on

3

successive Rule 12 motions[1], DRPA could still raise the statute of limitations defense in a Rule 12(c) motion.  *See* Fed. R. Civ. P. 12(h)(2)(B).

Moreover, the Court raised this statute of limitations issue in its opinion granting DRPA's original motion to dismiss.  The Court explicitly stated that "[i]f Carroll includes the 2003 claim in his Amended Complaint, DRPA may raise the issue in an appropriate pleading or motion."

Even if a motion pursuant to 12(b)(6) is not the "appropriate" motion, a motion pursuant to 12(c) would be; and this Court may, in its discretion treat it as such.  In the end, the entire discussion is academic, because the same legal standard applies under both 12(b)(6) and 12(c).  *See Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010) ("A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion.").

Carroll's waiver argument fails.

---

[1] Rule 12(g)(2) prohibits "another motion . . . *that was available to the party* but omitted from its earlier response," (emphasis added).  As explained in the Court's previous opinion granting DRPA's motion to dismiss, the factual pleading of the original complaint was very sparse and somewhat unclear.  Specifically with respect to the 2003 claim, the Court held, "the 2003 claim fails because Carroll does not allege sufficient facts to put DRPA on notice as to the nature of his claim." *Carroll v. DRPA*, 2013 WL 3465208 at *2 (D.N.J. July, 9, 2013). (Indeed, the entire complaint contained only one sentence concerning what happened in 2003.)  Since DRPA could not reasonably know what the claim was in the first place, it would seem logically inconsistent to now hold that DRPA should have known of a defense to that same claim.  However, the Court need not decide the issue because it would not change the disposition of the instant Motion.

4

**B.**

Carroll also attempts to avoid dismissal by asserting that the 2003 incident is actionable under a continuing violation theory.

No reasonable factfinder could plausibly conclude that DRPA's actions in 2003 were sufficiently connected to the failures to promote in 2010 and 2012 to constitute a continuing violation. Approximately seven years passed between the 2003 incident and the next incident in 2010, and the 2003 incident is different than the incidents in 2010 and 2012. In 2003, DRPA allegedly would not allow Carroll to sit for the Sergeant's examination, thereby preventing Carroll from applying for a promotion. In 2010 and 2012, Carroll was not prevented from applying, he was simply passed over for the position.

Moreover, all three alleged adverse employment actions are inherently discrete incidents. The Supreme Court has expressly stated that "termination, failure to promote, denial of transfer, or refusal to hire" are easily identifiable as "discrete acts" not actionable under a continuing violation theory. *AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002) (holding, in a Title VII case, that the continuing violation theory cannot apply to "serial violations" even if those violations are related).

Lastly, the Amended Complaint's final factual allegation that "[t]he discriminatory animus by the defendant against Plaintiff

5

has been continuous and unabated from 2003 to the present," (Amend. Compl. ¶ 42), does not save the 2003 claim. The relevant inquiry focuses on a defendant's adverse employment actions, not its discriminatory animus. *See Morgan*, 536 U.S. at 112-13.

Carroll's continuing violation theory fails.

### c.

Lastly, the Court raised the statute of limitations issue in its previous opinion:

> In 2008, Congress amended USERRA to make clear that suits under the statute may be brought at any time. See 38 U.S.C. § 4327(b) ("If any person seeks to file a complaint ... with ... a Federal or State court under this chapter alleging a violation of this chapter, there shall be no limit on the period for filing the complaint or claim."). However, many courts have held that § 4327(b) does not retroactively apply to claims that accrued prior to § 4327(b)'s enactment on October 10, 2008, and that claims such as Carroll's are subject to a four-year statute of limitations.

*Carroll v. DRPA*, 2013 WL 3465208 at *3 n.4. However, the Court declined to rule on the issue at that time because the parties had not briefed it. Now they have, and the Court concludes that the 2003 claim is untimely.

While Carroll is correct that there is no controlling precedent in this Circuit for the Court to follow, after repeated and extensive research, all of the persuasive authority on the issue-- including decisions from three Courts of Appeals-- appears

to be unanimous.  Every court to have addressed the issue has held that § 4327(b) does not apply retroactively.  *See, e.g., Baldwin v. City of Greensboro*, 714 F.3d 828 (4th Cir. 2013); *Dean v. City of New Orleans*, 2013 U.S.App. LEXIS 9106 (5th Cir. May 3, 2013); *Middleton v. City of Chicago*, 578 F.3d 655 (7th Cir. 2009); *Charcalla v. General Electric Trans. Sys.*, 2012 WL 1436563 (W.D. Pa. 2012); *Tully v. County of Nassau*, 2012 WL 487007 (E.D.N.Y. 2012); *Moore v. United Airlines, Inc.*, 2011 WL 2144629 (D. Colo. 2011); *Risner v. Haines*, 2009 WL 4280734 (N.D. Ohio 2009); *Roark v. Lee Co.*, 2009 WL 4041691 (M.D. Tenn. 2009); *Hogan v. United Parcel Service*, 648 F.Supp.2d 1128 (W.D. Mo. 2009).

The Court finds those courts' analyses legally sound and also holds that § 4327(b) does not apply retroactively for the reasons set forth in those opinions.

Accordingly, Carroll's claim is barred by the applicable four year statute of limitations.

**IV.**

For the reasons set forth above, DRPA's Motion to Dismiss the 2003 claim will be granted.

Dated:  January 10, 2014        s/ Joseph E. Irenas
                                **Joseph E. Irenas, S.U.S.D.J.**