```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|                              |   |                              |
|------------------------------|---|------------------------------|
| ANTHONY J. CARROLL,          | : |                              |
|                              | : |                              |
|         Plaintiff,           | : |                              |
|                              | : |   Hon. Joseph E. Irenas      |
|         v.                   | : |                              |
|                              | : |   Civil Action 13-cv-02833   |
| DELAWARE RIVER PORT          | : |                              |
| AUTHORITY,                   | : |   **OPINION**                |
|                              | : |                              |
|         Defendant.           | : |                              |

**APPEARANCES:**

MATTHEW S. WOLF, ESQUIRE, LLC
By: Matthew S. Wolf, Esq.
1236 Brace Road
B. 2nd Floor
Cherry Hill, New Jersey 08034
         Counsel for Plaintiff

DEASEY, MAHONEY, VALENTINI, & NORTH LTD
By: Carla P. Maresca, Esq.
80 Tanner Street
Haddonfield, New Jersey 08033
         Counsel for Defendant

**IRENAS**, Senior United States District Judge:

   In this suit, Plaintiff brings claims of discrimination based on military service in violation of the Uniformed Services Employment and Reemployment Rights Act (USERAA), 38 U.S.C. § 4311(a).  Importantly, Plaintiff has never asserted any claim for disability discrimination under either federal or state law.

From the outset, Plaintiff has only asserted that Defendant discriminated against him on the basis of his military service.[1]

Presently pending before the Court are three motions: Defendant's Rule 11 Motion for Sanctions, Plaintiff's Motion for Reconsideration of this Court's Order denying Plaintiff's Summary Judgment motion as to one of his two discrimination claims[2], and Plaintiff's Appeal of Magistrate Decision.[3]

At their core, all three motions raise the same issue: how does a USERRA plaintiff's service-related disability fit into the legal analysis under § 4311(a)?  For the reasons set forth below, the Court holds that claims of discrimination based on a disability arising from military service are not cognizable

---

[1]  Nor has Plaintiff asserted a claim for military service discrimination under state law. *See, e.g.,* N.J.S.A. § 10:5-12 ("It shall be an unlawful employment practice . . . for an employer . . . because of the liability for service in the Armed Forces of the United States . . . to refuse to hire or employ or to bar or to discharge . . . from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."); *see generally McMahon v. Salmond*, 573 F. App'x 128 (3d Cir. 2014) (addressing a military membership discrimination claim under NJ LAD); *Hart v. Twp of Hillside*, 228 F. App'x 159 (3d Cir. 2007) (same).

[2]  As stated in the prior opinion, Plaintiff only moved for summary judgment on the alleged failure to promote in 2012.  The other incident in 2010 was not at issue there, and thus is not at issue here.  The parties anticipate further summary judgment motion practice following the resolution of the instant motions.

[3]  As to the appeal of Magistrate Judge Donio's decision, Plaintiff argues that Judge Donio's decision, while "considered, thoughtful and deliberate" (Appeal Brief, p. 1), relied on erroneous rulings made by the undersigned.

under USERRA.  *Leistko v. Secretary of the Army,* 922 F. Supp. 66, 76 (N.D. Ohio 1996); *McBride v. United States Postal Service*, 78 M.S.P.R. 411 (1998).

Accordingly, Plaintiff's Motion for Reconsideration and Appeal of Magistrate Judge's Decision will be denied.  However, as should become apparent from the Court's discussion *infra*, there is no controlling authority, and relatively little persuasive authority, on this conceptually-difficult issue.  The Court finds Plaintiff's counsel's advocacy within permissible bounds.  Therefore, Defendant's Rule 11 Motion will also be denied.

**I.**

The challenged summary judgment opinion is available at *Carroll v. Del. River Port Auth.,* 2014 U.S. Dist. LEXIS 104004 at *12 (D.N.J. July 29, 2014).  Plaintiff moved for summary judgment on his 2012 failure to promote claim, but the Court denied the motion, holding that issues of disputed fact existed as to whether Defendant would have made the same non-selection decision in the absence of Plaintiff's military service.

The parties' present dispute centers around the undisputed fact that Plaintiff was-- during the relevant time period, and still is-- physically unable to perform the job for which he applied.  Specifically, Plaintiff admitted in his deposition

3

that he cannot perform the job until he receives reconstructive surgery on his shoulder for an injury he suffered while serving in Iraq.  It is also undisputed that Plaintiff has been classified as totally disabled by the Social Security Administration and receives disability benefits.[4]

The appeal of Magistrate Judge Donio's decision also concerns this issue.  Judge Donio ordered Plaintiff to produce certain "medical records concerning Plaintiff's physical condition" during the relevant time periods.  (Appeal Brief, p. 3)

## II.

A motion for reconsideration may be granted on the ground that vacating the order is necessary to correct a clear error of law or prevent manifest injustice.  *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

The Court may not reverse, modify, or vacate a magistrate judge's order addressing a non-dispositive motion absent a finding that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

---

[4] There is no evidence before the Court concerning Plaintiff's receipt, if any, of veteran's benefits.  Plaintiff testified that he "medically retired" from service.  (Carroll Dep. p. 22)

The Court "*may*" impose sanctions if "the Court determines that Rule 11(b) has been violated." Fed. R. Civ. P. 11(c)(1) (emphasis added). Relevant to the instant Motion, Rule 11(b) requires "claims, defenses and other legal contentions [to be] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law," and "factual contentions [to] have evidentiary support."

### III.

#### A.

Admittedly, the Court sowed the seeds of the parties' (or at least Plaintiff's) discontent early in the case. Faced with a factually-sparse complaint, and Defendant's Motion to Dismiss, the Court held that Plaintiff's complaint failed to meet the bar established by Rule 8, *Twombly* and *Iqbal*, but allowed Plaintiff an opportunity to amend. *Carroll v. Del. River Port Auth.*, 2013 U.S. Dist. LEXIS 96059 (D.N.J. July 9, 2013).

In that opinion, the Court looked to failure-to-promote caselaw arising under Title VII to hold that, to state a claim for failure-to-promote discrimination under USERRA, Plaintiff must "allege that: (1) he is a member of a protected class; (2) he was qualified for the position at issue; (3) he was not promoted; and (4) Defendants filled the spot with a similarly

5

situated applicant who was not of plaintiff's protected class." *Id.* at *6.

Plaintiff's counsel has repeatedly stated, in no uncertain terms, that he believes that holding to be erroneous. Plaintiff takes the position that USERRA does not require him to plead or prove that he was "qualified" for the positions he sought.[5]

There is some support for that position. First, Plaintiff contrasts USERRA's anti-discrimination provision under which he sues, § 4311, with USERRA's reemployment provisions, § 4313.

Section 4311(c)(1) states, "an employer shall be considered to have engaged in [discrimination against persons who serve in the uniformed services] if the person's . . . service . . . is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such . . . service." There is no express mention of an employee's qualifications.

On the other hand, the reemployment provisions do specifically address an employee's qualifications, requiring an employer to reemploy after military service, a service member "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, *the*

---

[5] Nonetheless, Plaintiff did amend his complaint to cure the deficiencies identified by the Court, and discovery ensued.

6

*duties of which the person is qualified to perform.*" § 4313(a)(1)(A) (emphasis added).

Second, while not addressing pleading standards, and never in a precedential opinion, the Third Circuit has stated, at summary judgment, "to establish a claim under the USERRA, the plaintiff has the initial burden of production to show that, by a preponderance of the evidence, 'the employee's military service was a substantial or motivating factor in the adverse employment decision;'" and then the burdens of production and persuasion both shift to the employer to demonstrate its action was taken for a non-discriminatory reason. *McMahon v. Salmond*, 573 F. App'x 128, 134-35 (3d Cir. 2014) (quoting *Sheehan v. Dep't of Navy,* 240 F.3d 1009, 1013 (Fed. Cir. 2001))[6]; *see also Murphy v. Radnor Twp*, 542 F. App'x 173, 176-77 (3d Cir. 2013) (applying the *Sheehan* "two-step burden shifting framework").[7]

---

[6]  The *McMahon* court specifically noted that "the parties did not dispute the application of the *Sheehan* framework to McMahon's claim."  573 F. App'x at 134.

[7]  The MSPB cases the Court relies upon *infra* also seem to superficially support Plaintiff's position, insofar as they state that, to support the Board's jurisdiction over a § 4311(a) claim, a plaintiff need only "make nonfrivolous allegations: (1) that she performed a duty . . . in a uniformed service of the United States; (2) the [employer] denied her . . . promotion . . . . ; and (3) the denial was due to the performance of duty . . . in the uniformed service." *Hampton v. Social Security Administration*, 2014 MSPB LEXIS 7996 at *9 (November 19, 2014). However, proceedings before the MSPB are not governed by Rule 8, *Twombly* and *Iqbal*, and therefore statements regarding the MSPB's jurisdiction over USERRA discrimination claims carry little to

Thus, relying upon the absence of any language concerning qualifications in the anti-discrimination provision of USERRA, coupled with the Courts of Appeals' statement of the issue at summary judgment, Plaintiff takes the extreme position that his physical qualifications for the positions he sought are irrelevant to this USERRA discrimination suit. *See* Brief in Support of Magistrate Appeal, p. 4 ("Plaintiff maintains that the need to be qualified at the time of the promotions . . . is not at issue in this case.").

Plaintiff's position is clearly wrong. Even if the Court made a clear error of law when it held that Plaintiff had the burden of pleading and proving that he was qualified for the position he sought[8], it does not logically follow that his

---

no persuasive weight as to the legally distinct issue of pleading standards in federal district court.

[8] The Court may have erred, but the undersigned does not conclude that the asserted error is clear. First, after repeated and exhaustive research, the Court has not uncovered a single authority from any jurisdiction addressing the specific issue of pleading standards in a failure-to-promote discrimination suit under USERRA. In the absence of any guidance, it was not clear error to look to Title VII pleading requirements, given-- as the Court noted in its original opinion—- the similarity of the relevant statutory language, and the Supreme Court's relatively recent observation that USERRA and Title VII "'are very similar.'" *Carroll*, 2013 U.S. Dist. LEXIS 96059 at *5 n.3 (quoting *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1191 (2011)).

Second, the pleading standard the Court applied also applies to suits brought under other federal anti-discrimination statutes, such as the Americans with Disabilities Act, *Twillie v. Erie Sch. Dist.*, 575 Fed. Appx. 28, 32 (3d Cir. 2014), and 42

8

qualifications are altogether irrelevant to the suit. They, of course, *are* relevant to the question of whether the employer acted for a nondiscriminatory reason, which is exactly how the Court treated the issue in the challenged decision. *See Carroll v. Del. River Port Auth.,* 2014 U.S. Dist. LEXIS 104004 at *12 (D.N.J. July 29, 2014) ("there is also a genuine issue of material fact as to whether Plaintiff would have been denied the promotion regardless of his military service because of his physical limitations at the time.").[9] Lack of physical ability

---

U.S.C. § 1981, *Golod v. Bank of Am. Corp.*, 403 Fed. Appx. 699, 702 (3d Cir. 2010).

Third, the absence of any reference to an employee's qualifications in USERRA's antidiscrimination provision does not compel the conclusion that such omission was an affirmative decision by Congress to excuse a USERRA plaintiff from pleading and proving his qualification for the position in a failure-to-promote case. The antidiscrimination provision prohibits many types of adverse employment actions. It would make no sense to require a plaintiff who was allegedly *discharged* in violation of USERRA to plead and prove that he was qualified for the position from which he was discharged. Thus, the omission of any reference to qualifications in the antidiscrimination provision of USERRA could merely reflect Congress' attempt at avoiding confusion.

[9] *See also, Vega-Colon v. Wyeth Pharms.*, 625 F.3d 22, 27-28 (1st Cir. 2010) (holding that service-member employee failed to raise a fact question as to whether the people selected for promotion were less qualified); *Brown v. State*, 88 A.3d 402, 406-07 (Vt. 2013) ("To establish a USERRA claim under a failure-to-promote theory, an employee must show that he or she possesses qualifications similar or superior to the successful applicant.") (citing *Becker v. Dep't of Veterans Affairs*, 414 F. App'x 274, 277 (Fed. Cir. 2011)); *cf., Stoots v. Dep't of Defense,* 273 F. App'x 941, 944 (Fed. Cir. 2008) ("the Board . . . did not err in determining that petitioner failed to make the required initial showing that the decision not to hire him was

to do the job would be a nondiscriminatory reason under USERRA for failing to promote Plaintiff, *even if*-- as is the case here -- Plaintiff's lack of qualification is because of a service-related disability.

More to the point, a USERRA plaintiff has the initial burden of demonstrating that his military *service*, as distinct from a *disability* resulting from service, was a substantial or motivating factor in the employer's decision.

This was the holding in *Leistiko v. Secretary of the Army*, 922 F. Supp. 66 (N.D. Ohio 1996). In that case, the plaintiff service-member suffered a "neurological incident during an Ohio National Guard helicopter flight," and was medically disqualified from further aviation service. *Id.* at 69. Consequently, the plaintiff was terminated from his job, which required him to be an aviator with the National Guard. *Id.*[10]

Plaintiff brought suit, asserting, among other claims, violation of USERRA's predecessor statute, the Veteran's Reemployment Rights Act (VRRA). *Leistiko*, 922 F. Supp. at 76. The court rejected plaintiff's argument that "Defendants

---

connected to his military service. Substantial evidence supported the Board's determination that petitioner was not qualified to compete for the position advertised.")
    For this reason, Magistrate Judge Donio's discovery ruling as to Plaintiff's medical records will be affirmed.

[10] Plaintiff's job was "a hybrid military-civilian position." 922 F. Supp. at 69.

10

violated the VRRA because they terminated [plaintiff's] civilian job as a result of a physical impairment incurred while [plaintiff] was on active military duty." *Id.* The Court explained,

> Plaintiff makes no allegation that he was terminated from his employment on the basis of his membership in the National Guard; he was terminated because he does not meet the physical requirements to maintain flight status. Whether the physical impairment that caused Plaintiff's disqualification from flight status developed while Plaintiff was on or off active military duty is irrelevant to a claim under the VRRA.

*Id.*

Following *Leistiko*, the MSPB first held in *McBride v. U.S. Postal Service*, that § 4311(a) proscribes discrimination "based on a veteran's performance of military duty, not [discrimination] based on a veteran's disability arising out of her performance of duty." 78 M.S.P.R. 411, 414-16 (1998). The Board explained that the language of § 4311 spoke only of "'performance of service,'" "'service in a uniformed service,'" and "'performance of a duty . . . in a uniformed service,'" not any service-related disability. *Id.* at 414-15 (quoting 38 U.S.C. §§ 4311(a) and 4303(13)).[11]

---

[11] *See Gordon v. Wawa, Inc.*, 388 F.3d 78, 81 (3d Cir. 2004) (construing USERRA and stating, "as with all questions of statutory interpretation, we first turn to the statutory language to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. . . . Where the statutory meaning is clear, our

Many other Board decisions have followed *McBride*'s holding. *See Hampton v. Social Security Administration,* 2014 MSPB LEXIS 7996 at *11 (2014) ("Even if I were to find the appellant was alleging discrimination based on a disability arising from any military service she performed, such a claim would not be cognizable under USERRA."); *Mims v. Social Security Administration*, 2013 MSPB 79 at *P22 (2013) ("To the extent the appellant claims that he was discriminated against based on a disability arising from his military service, such a claim is not cognizable under USERRA."); *Thomas v. Dep't of Veterans Affairs,* 2013 MSPB LEXIS 1716 at *5-6 (2013) ("The appellant specifically stated that the reason for his removal, i.e., his absenteeism, was due to his service-connected disabilities.  The Board has specifically held that the fact that an appellant incurred injuries while performing military service is incidental to a claim of disability discrimination, and not discrimination under USERRA."); *Bean v. U.S. Postal Service*, 119 MSPR 20 at **4-5 (2012) ("the administrative judge correctly noted that the appellant's attempt to reframe his disability discrimination claim as a USERRA claim based on the fact that

---

inquiry is at an end.") (internal citations and quotations omitted).

his condition was service-related does not constitute a viable USERRA claim.").[12]

Here, Plaintiff heavily relies on Defendant's 2012 internal memorandum evaluating Plaintiff and other applicants for the position of "Sergeant of Police." According to Plaintiff, this memorandum mandates summary judgment in his favor because it proves that "Defendant, in writing, overlooked Plaintiff for promotion 'due to inactivity within our department'-- where said inactivity was due solely to the Plaintiff being on active duty in the United States Army National Guard." (Moving brief, p. 1)

However, Plaintiff moved for summary judgment, therefore the Court views the memorandum in the light most favorable to Defendant. In so doing, a reasonable factfinder could certainly conclude that Defendant overlooked Plaintiff based on his service-related disability, or his absences due to his service-related disability, rather than his absence while on active duty.

The memorandum states that Plaintiff is "currently, not suitable" for promotion because "[h]e is currently out of the department injured from military leave and has been for four

---

[12] *See also*, *Burgess v. U.S. Postal Service*, 2008 MSPB LEXIS 2547 at *6 (2008); *Dale v. Dep't of Veterans Affairs*, 102 M.S.P.R. 646, 654 (2006); *Clavin v. U.S. Postal Service*, 2006 MSPB LEXIS 2978 at *10-11 (2006); *Daniels v. U.S. Postal Service*, 88 M.S.P.R. 630 (2001); *Ray v. Dep't of Veterans Affairs*, 84 M.S.P.R. 108 (1999).

years."  Even further-- construing the document in the light most favorable to Defendant-- rather than considering Defendant's military service a *negative*, a reasonable juror could conclude that Defendant considered it a *positive*.  The memorandum states,

> [Plaintiff] does have quite a bit of previous experience in the DRPA PD and the U.S. Military, *however,* being removed from the department and operational issues for several years, he did seem to answer several questions in a non-specific manner and did state his inability to work did not allow him to be more specific with his responses.

(Schroeder Decl. Ex. A, DRPA 01634) (emphasis added).  Thus, a reasonable juror could find that Defendant did not select Plaintiff for promotion because of his absences connected to his service-related disability, which, this Court holds, is not actionable under USERRA.  *See Thomas v. Dep't of Veterans Affairs,* 2013 MSPB LEXIS 1716 at *5-6 (2013).[13]

Accordingly, the Court did not err in denying Plaintiff's Motion for Summary Judgment.

---

[13]  The Court makes no ruling whether Defendant's decision would be actionable under another theory of liability.  As noted at the beginning of this Opinion, Plaintiff has not asserted any claim for disability discrimination, nor any claim for military discrimination under state law.  The Court's decision is necessarily limited to USERRA; Plaintiff has asserted no other cause of action.

**B.**

In its Rule 11 Motion, Defendant argues that the Court should impose sanctions on Plaintiff and his counsel because Plaintiff's Amended Complaint alleges that Plaintiff was qualified for the promotions he sought, but the evidence of Plaintiff's service-related disability and receipt of disability benefits proves that allegation is false. According to Defendant, the undisputed evidence demonstrates that Plaintiff was not physically capable of performing the jobs for which he applied (i.e., not qualified), and that Plaintiff knew he was not qualified.

However, as should be apparent from the above discussion, answering the question of where a USERRA plaintiff's service-related physical disability fits into the legal analysis is challenging. While the Court has concluded that Plaintiff's argument concerning the asserted irrelevance of his physical qualifications is "clearly wrong," it does not follow that Plaintiff's counsel has violated Rule 11. Counsel's legal argument in this regard is nonfrivolous.

The Court exercises its discretion not to impose a sanction. The Motion for Sanctions will be denied.

**IV.**

For the reasons stated above, all three applications will be denied.  An appropriate Order accompanies this Opinion.


Dated: March 2, 2015

                                      ___s/ Joseph E. Irenas_____
                                      Joseph E. Irenas, S.U.S.D.J.