**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY J. CARROLL, : | |
| : | |
| Plaintiff, : | |
| : | Hon. Noel L. Hillman |
| v. : | |
| : | Civil Action 13-cv-02833 |
| DELAWARE RIVER PORT : | |
| AUTHORITY, : | **OPINION** |
| : | |
| Defendant. : | |

**APPEARANCES:**

MATTHEW S. WOLF, ESQUIRE, LLC
By: Matthew S. Wolf, Esq.
1236 Brace Road
B. 2nd Floor
Cherry Hill, New Jersey 08034
        Counsel for Plaintiff

DEASEY, MAHONEY, VALENTINI, & NORTH LTD
By: Carla P. Maresca, Esq.
80 Tanner Street
Haddonfield, New Jersey 08033
        Counsel for Defendant

**HILLMAN**, United States District Judge:

Presently before the Court is Defendant DRPA's Petition to Certify for Interlocutory Appeal the following question of law: In a Uniformed Services Employment and Reemployment Rights Act ("USERRA") failure-to-promote discrimination suit under 38 U.S.C. § 4311(a), must a plaintiff plead and prove that he was objectively qualified for the position he sought?

1

For the reasons set forth below, the Court will grant the petition to certify.

## I.

The pleadings and underlying facts of this suit have been extensively discussed in several previous opinions.  Those opinions are incorporated herein by reference.  *See Carroll v. Del. River Port Auth.,* 2015 U.S. Dist. LEXIS 173481 (D.N.J. Dec. 30, 2015); *Carroll v. Del. River Port Auth.,* 89 F. Supp. 3d 628 (D.N.J. 2015); *Carroll v. Del. River Port Auth.,* 2014 U.S. Dist. LEXIS 104004 (D.N.J. July 29, 2014); *Carroll v. Del. River Port Auth.,* 2014 U.S. Dist. LEXIS 3167 (D.N.J. Jan. 10, 2014); *Carroll v. Del. River Port Auth.,* 2013 U.S. Dist. LEXIS 96059 (D.N.J. July 9, 2013).

Procedurally, all motions for summary judgment have been decided, and the Final Pretrial Conference is scheduled for next week.

## II.

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that [(1)] such order involves a controlling question of law as to which there is [(2)] substantial ground for difference of opinion and that [(3)] an immediate appeal

2

from the order may materially advance the ultimate termination
of the litigation, he shall so state in writing in such order."
28 U.S.C. § 1292(b).

Certification under § 1292(b) is entrusted to the district
court's discretion. *Swint v. Chambers County Comm'n*, 514 U.S.
35, 47 (1995).


### III.

### A.   Controlling question of law

"A controlling question of law must encompass at the very
least every order which, if erroneous, would be reversible error
on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747,
755 (3d Cir. 1974).

The certified question satisfies this first requirement.
The issue implicates the heart of Plaintiff's case on the
merits, i.e., the elements of a *prima facie* claim, and the
allocation of burdens of proof between Plaintiff and Defendant.
If the Court of Appeals reverses this Court's holding on the
issue, the result will be an order directing this Court to enter
judgment for Defendant on all claims because Plaintiff
undisputedly was not, at all relevant times, objectively (in his
case physically) qualified for the positions he sought.


### B.   Substantial ground for difference of opinion

This second requirement is also satisfied. Concerning whether it was clear error to hold that a USERRA failure-to-promote plaintiff must plead that he was qualified for the position he sought, Judge Irenas previously explained,

> [t]he Court may have erred, but the undersigned does not conclude that the asserted error is clear. First, after repeated and exhaustive research, the Court has not uncovered a single authority from any jurisdiction addressing the specific issue of pleading standards in a failure-to-promote discrimination suit under USERRA. In the absence of any guidance, it was not clear error to look to Title VII pleading requirements, given-- as the Court noted in its original opinion—- the similarity of the relevant statutory language, and the Supreme Court's relatively recent observation that USERRA and Title VII "'are very similar.'" *Carroll*, 2013 U.S. Dist. LEXIS 96059 at *5 n.3 (quoting *Staub v. Proctor Hosp.*, 562 U.S. 411, 131 S. Ct. 1186, 1191, 179 L. Ed. 2d 144 (2011)).
>
> Second, the pleading standard the Court applied also applies to suits brought under other federal anti-discrimination statutes, such as the Americans with Disabilities Act, *Twillie v. Erie Sch. Dist.*, 575 Fed. Appx. 28, 32 (3d Cir. 2014), and 42 U.S.C. § 1981, *Golod v. Bank of Am. Corp.*, 403 Fed. Appx. 699, 702 (3d Cir. 2010).
>
> Third, the absence of any reference to an employee's qualifications in USERRA's anti-discrimination provision does not compel the conclusion that such omission was an affirmative decision by Congress to excuse a USERRA plaintiff from pleading and proving his qualification for the position in a failure-to-promote case. The antidiscrimination provision prohibits many types of adverse employment actions. It would make no sense to require a plaintiff who was allegedly discharged in violation of USERRA to plead and prove that he was qualified for the position from which he was discharged. Thus, the omission of any reference to qualifications in the antidiscrimination

provision of USERRA could merely reflect Congress'
attempt at avoiding confusion.

*Carroll v. Del. River Port Auth.,* 89 F. Supp. 3d 628, 633 n.8

(D.N.J. 2015).

However, as the undersigned most recently observed,

Judge Irenas fully and thoughtfully discussed this
"conceptually difficult issue" in a previous opinion.
*Carroll*, 89 F. Supp. 3d 628, 2015 U.S. Dist. LEXIS
24455 at *3. As he explained, there is a logical
argument to be made for requiring a USERRA plaintiff
to plead (and then ultimately prove) that he was
objectively qualified for the position he sought. *See
id.* at *8 n.8. He acknowledged, however, that
*Sheehan* and Third Circuit precedent could be
interpreted as conflicting with that conclusion. *Id.*
at *5-*8.

Ultimately, Judge Irenas did not have to decide the
issue, insofar as Carroll argued that his lack of
physical qualification was entirely irrelevant to the
suit, which clearly is not the law, for the reasons
Judge Irenas explained. *See id.* at *8 ("[Plaintiff's
qualifications], of course, are relevant to the
question of whether the employer acted for a
nondiscriminatory reason.").

Now, however, it appears that the issue is squarely
presented: In order to survive summary judgment, must
a USERRA plaintiff raise a triable issue of fact as
to whether he was objectively qualified for the
positions for which he applied?  The undersigned is
bound to answer "no."  The Third Circuit has clearly
set forth the two-step legal standard to be applied.
Of the two steps, Carroll's qualifications--or in this
case, undisputed lack thereof--appear to fit into the
second prong, not the first.

In order to establish a *prima facie* case at summary
judgment, Carroll must only point to record evidence
that his military status was a motivating factor in
DRPA's decision. *Murphy*, 542 F. App'x at 177. *DRPA's
argument that a USERRA plaintiff's objective*

5

> *qualifications should be part of the plaintiff's* prima
> facie *case is more properly directed to the Court of
> Appeals, who may consider the issue free from the
> procedural constraints placed on the District Court.*

*Carroll v. Del. River Port Auth.*, 2015 U.S. Dist. LEXIS 173481
at *10-12 (D.N.J. Dec. 30, 2015)(emphasis added).

The above-quoted discussions demonstrate that there is
substantial ground for difference of opinion on the certified
question.


**C.   Materially advance the ultimate termination of the
litigation**

"[O]ne of the purposes of the section 1292(b) procedure is
the avoidance of unnecessary trials . . . immediate review of
all potentially reversible rulings furthers this goal." *Akerly
v. Red Barn System, Inc.*, 551 F.2d 539, 543 (3d Cir. 1977).

As stated above, if the Court of Appeals reverses the
undersigned's holding on the certified question, judgment will
be entered for Defendant.  Thus, an appellate reversal on the
issue would not just "materially advance" this suit toward
"ultimate termination," it would end the case full-stop.

Moreover, the procedural posture of this case favors
certification.  In another week, this case will be trial-ready.
Therefore, there is very little danger that the certified
question will be mooted by subsequent developments here in the

District Court.  Simply stated, absent a reversal from the Court of Appeals, a trial will be held.

**IV.**

For the reasons stated above, the Court will grant the Petition to Certify for Interlocutory Appeal.  An appropriate Order accompanies this Opinion.

Dated: February 23, 2016

At Camden, New Jersey

                                        __s/ Noel L. Hillman_____
                                        Noel L. Hillman, U.S.D.J.

7